POSADAS de PUERTO RICO, INC.,
d/b/a Condado Plaza Hotel,
Plaintiff, Appellee,

v.

Allen RADIN, Defendant, Appellant.

POSADAS de SAN JUAN ASSOCIA-
TION, INC., d/b/a El San Juan
Hotel, Plaintiff, Appellee,

v.

Allen RADIN, Defendant, Appellant.

Nos. 87–2029, 88–1031.

United States Court of Appeals,
First Circuit.

Heard June 10, 1988.

Decided Sept. 9, 1988.

William L. Rogers with whom Barrett & Rogers, Miami, Fla., was on brief, for appellant.

Daniel Schiffman, New York City, for appellees.

Before BOWNES and BREYER, Circuit Judges, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

This appeal is taken from summary judgments entered against the defendant in two separate but factually and legally indistinguishable cases from the District Court in Puerto Rico. The defendant-appellant, Allen Radin, is a Florida resident. The plaintiff-appellees are the owners of two hotels which operate gambling casinos. The hotels are located in Puerto Rico.

While on a trip to Puerto Rico, the appellant applied for and received $15,000 worth of credit from each of the hotels for use in gambling in the casinos. These debts were evidenced by demand notes or "markers" signed by the appellant. In addition to payment of the original debts, the markers obligated the appellant to pay collection expenses in the event he defaulted on the notes, including a liquidated sum representing attorneys' fees. At the time that the hotels extended the credit, the appellant was a debtor in bankruptcy proceedings.

After the appellant proved unsuccessful at the gaming tables, the hotels demanded payment of the markers. When payment was not forthcoming, each brought an action in the District Court. The appellees moved for summary judgments, presenting evidence of the debts and the unsuccessful demands for payment. In opposition to these motions, the appellant filed his own affidavit which he claims raised genuine issues for trial as to certain of his defenses to the debts. The trial judges granted the summary judgment motions and denied the appellant's later motions for reconsideration. Mr. Radin now appeals, claiming that he was entitled to an opportunity to present evidence and, therefore, the hotels' motions should have been denied. Specifi-

cally, the appellant insists that genuine issues of fact exist concerning whether he is entitled to a reduction of his debts as permitted by the Civil Code of Puerto Rico and concerning whether he executed the markers under duress.

The appellant asserts that the granting of summary judgments in favor of the appellees was inappropriate because the courts did not conduct evidentiary hearings to determine whether he qualified for an equitable reduction of his debts under Article 1701 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 4774 (1968), (the "good father" statute). This statute permits a trial judge to deny enforcement of excessive gambling debts or to reduce such debts by the amount they may exceed "the customs of a good father of a family". As the parties recognize, this statute creates no absolute rights in favor of a gambler. Whether a debt will be reduced is a decision fully within the discretion of the trial court. *United Hotels of Puerto Rico v. Willig*, 89 P.R.R. 185, 193 (1963).

We discern no reason why the trial judges should have conducted evidentiary hearings before determining whether the appellant merited a reduction of his gambling debts under the good father statute. The appellant has pointed to no additional facts which he sought to present at a hearing which were not already in the record when the trial judges granted the motions for summary judgment. Nor does he demonstrate the existence of any factual dispute. None of the facts which appellant relies on to establish the worthiness of his request for a debt reduction are contested by the appellees. Indeed, the appellant himself admits that the facts on which he stakes his claim to a reduction are uncontradicted. Initial Brief for the Appellant at p. 6.

Where the relevant facts are undisputed and, as in this case, the remaining issue is one of law for the court to decide, an evidentiary hearing is not mandated. A trial judge may freely grant summary

* Of the District of Massachusetts, sitting by designation.

judgment on a non-jury issue if no dispute over material fact exists and a trial or hearing would not enhance its ability to decide the issue. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir.1978). Because the appellant has demonstrated no issue of fact to be determined at an evidentiary hearing and has failed to clarify how a hearing would aid in the decision of the equitable reduction issue, we see no error in the courts' failure to hold such hearings prior to granting the appellees' motions for summary judgment.

While conceding that a reduction of his debts was an issue within the discretion of the trial court, the appellant argues that the trial judges' granting of the summary judgment motions without a hearing amounted to a refusal to exercise any discretion at all. We disagree. Judge Lafitte expressly rejected the defense as meritless in his order granting summary judgment in favor of appellee Posadas de San Juan Assoc., Inc. Although Judge Pieras did not refer to the defense, it was brought to his attention twice, once in the affidavit filed in opposition to the appellee Posadas de Puerto Rico, Inc.'s motion for summary judgment, and once again in the appellant's motion for reconsideration or relief from judgment. From his ruling against the defendant on both these motions, we infer that Judge Pieras declined to grant appellant's request for a debt reduction. *Cf. Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981) (district court denied party's motion by implication when it entered an order inconsistent with the relief sought). We see no abuse of discretion in either judge's refusal to reduce the appellant's debts.

As his second point of appeal, Mr. Radin claims that genuine issues of material fact existed as to whether he executed the markers while under duress and undue influence. To support this defense, the appellant offered only his own affidavit which stated in pertinent part:

> That the obligation sought to be enforced on behalf of the Plaintiff, is in the nature of an adhesion contract. Any obligation, if at all, was incurred by undue duress and influence by the Plaintiff upon the Defendant. That the said Defendant was forced by the acts of the Plaintiff to execute the agreement, as well as being forced to submit to the jurisdiction. That said acts were not the free and voluntary act of the Defendant, and the Defendant is not indebted to the Plaintiff for the amounts claimed. (sic).

A vaguer and more conclusory affidavit is hard to imagine. Nowhere does the appellant specifically state how he was coerced into signing the markers and by whom.

To successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate *specific* facts which establish a genuine issue for trial. *Hodge v. Parke–Davis & Co.*, 833 F.2d 6, 7 (1st Cir.1987). Vague and conclusory statements in an affidavit do not meet the specificity requirement of Federal Rule 56. The appellant's affidavit is therefore insufficient to establish a genuine issue for trial. *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3rd Cir.1985). *See also Maiorana v. MacDonald*, 596 F.2d 1072, 1080 (1st Cir. 1979).

We realize that appellant appeared pro se below and his affidavit should be construed liberally for this reason. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Nonetheless, even a pro se litigant must meet the specificity requirement of Federal Rule 56, at least when the litigant becomes aware that specific facts must be provided to defeat a motion for summary judgment. *Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 27 (1st Cir.1980). In this case, the appellant obtained counsel shortly after the motions for summary judgment were granted. Yet on motion for reconsideration, the appellant did not provide evidence of any facts underlying the claimed defense.[1] Even before this panel, the appel-

---

**1.** The only specific fact in the record relating to the defense is a statement contained in the motion for rehearing to the effect that the appellees prevented the appellant from leaving the casi-

**402**

lant relies only on his own conclusory affidavit as evidence sufficient to establish an issue of material fact concerning the defense. Reply Brief of Appellant at p. 2.

Given the extremely conclusory nature of the appellant's affidavit, and the fact that it was the sole evidence offered by appellant even after he obtained the assistance of counsel, the district judges did not err in granting the plaintiffs' motions for summary judgment and denying the appellant's motions to reconsider. For this reason and because we find no error in the trial judges' failure to hold an evidentiary hearing on the appellant's good father defense, the judgments are affirmed.

nos until he signed the markers. Facts set forth in a legal memorandum are not sufficient to raise an issue for trial when they are not supported by evidence in the record. *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).