January 28, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1999

GEORGE LEWRY,

Plaintiff, Appellant,

v.

TOWN OF STANDISH, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Breyer, Chief Judge,

Aldrich, Senior Circuit Judge,

and Selya, Circuit Judge.

Francis M. Jackson for appellant.

Daniel Rapaport with whom Edward R. Benjamin, Jr. and Preti,

Flaherty, Beliveau & Pachios were on brief for appellees.

ALDRICH, Senior Circuit Judge. George Lewry

brought suit against the town of Gorham, Maine, and two of

its police officers, Ted Blais, and Sgt. Wayne Coffin, and

against the town of Standish and its police officer, William

McAuliffe, alleging false arrest in violation of the United

States and Maine Constitutions, 42 U.S.C. 1983 et seq., 15

Me.R.S.A. 704, and Maine common law. An amended complaint

added officer Timothy Darnell of Standish, alleging a second

false arrest. The district court referred the suit to a

magistrate. 28 U.S.C. 636(b)(1). After discovery closed,

defendants moved for summary judgment, and plaintiff filed a

Rule 56(f) motion along with his opposition. The motion

sought to introduce evidence contradicting defendants'.

Without taking up the motion, the magistrate issued a report

and recommended approval of summary judgment on defendants'

evidence. Upon a general objection, the district court

conducted a de novo review, again without reference to

plaintiff's motion, and accepted the magistrate's

recommendation. Plaintiff appeals, arguing that material

issues of fact exist, and, for the first time, pointing out

that the magistrate and district court improperly failed to

regard the motion. As these are questions of law, our review

is de novo. Liberty Mut. Ins. Co. v. Commercial Union Ins.

Co., 978 F.2d 750, 757 (1st Cir. 1992). We affirm.

-2-

The November, 1989 Incident

At the time of the alleged false arrests plaintiff

was on probation for multiple driving violations including

driving while intoxicated. On November 7th, 1989, he

telephoned his probation officer, Elizabeth Manchester, and

informed her that he was too ill to meet with her that day

for their bi-weekly meeting. Several hours later plaintiff

appeared at Tavern on the Hill, with one Frank Bickford, his

employer. While there, Bickford, and his son-in-law, who

owned the tavern, engaged in an altercation, and, when

defendant officer McAuliffe of Standish arrived to

investigate, he and Bickford also began fighting.

Disputed on appeal is whether there is a question

of fact regarding plaintiff's alleged intoxication, and

whether he joined the fracas or merely attempted to restrain

Bickford. Defendants officer Blais and Sgt. Coffin, of

Gorham, arrived after the fray, and recognized plaintiff as a

probationer. Defendants assert that Sgt. Coffin had an

officer call parole officer Manchester and describe the

incident and plaintiff's intoxication. Manchester, according

to her affidavit of record, responded by requesting

plaintiff's arrest for parole violations. In plaintiff's

would-be version, including Manchester's asserted testimony

before a sentencing court, Manchester was called only after

-3-

the officers had arrested plaintiff, outside, where he was

behaving himself.

Defendants could not normally lawfully arrest

plaintiff without a warrant, absent probable cause, and

intoxication alone would not be such. Cf. repealing of

Me.R.S.A. 1954, c. 61, 94 by 1973, c. 582, 3. However,

arrest would be proper "when requested by an official of the

division of Probation and Parole." 17-A Me.R.S.A.

15.1A(9). If the magistrate had before him a copy of

Manchester's court testimony we read it as arguably

contradicting her affidavit as to the order of events, and

summary judgment should be denied. Plaintiff, however, has a

difficulty. Objection to a magistrate's report preserves

only those objections that are specified. See Keating v.

Secretary of Health and Human Services, 848 F.2d 271, 275

(1st Cir. 1988), a case, incidentally, coming up from Maine.

The reason for this is the universal principle that both

efficiency and fairness dictate that the judicial officer be

given notice and opportunity to correct his or her mistake

before the taking of an appeal.

If plaintiff's motion should have been allowed, the

magistrate's failure to pass on it was a correctable error

within this principle just as would have been an express

denial. His recommendation, that was necessarily

inconsistent with the motion, was an implied denial thereof.

-4-

Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663,

666 (5th Cir.), cert. denied, 454 U.S. 1098 (1981), cited

with approval, Posadas de Puerto Rico, Inc. v. Radin, 856

F.2d 399, 401 (1st Cir. 1988). Because plaintiff did not

seasonally complain, we cannot consider the motion, and the

record must stand without its content.

For summary judgment purposes, any fact not

properly controverted is admitted. D. Me. Loc. R. 19(b)(2).

The magistrate was thus correct in rejecting plaintiff's

statement in "opposition to defendants' statement of

uncontroverted facts" for not citing sources, Rule 19(b)(2),

and in finding that plaintiff's conclusory statement of

material facts failed to create an issue of material fact.

Posadas de Puerto Rico, ante.

The April, 1990 Incident

Plaintiff was walking alone, weaving drunkenly

between the roadway and the shoulder of a well-traveled

Standish road around 11:30 p.m., on or about April 21, 1990.

He was wearing dark clothing, which made him more difficult

to see. When he was in the roadway, passing cars were forced

to move to avoid him. Defendant officer Darnell of Standish

observed plaintiff, approached and spoke with him. Deciding

that plaintiff was intoxicated and a safety hazard to himself

and others, Darnell said he would give him a ride to his home

-5-

about five miles away. When plaintiff declined, Darnell gave

him a choice of a ride home or an arrest for obstructing a

public way. 17-A Me.R.S.A. 505. Plaintiff accepted the

ride, and Darnell gave him a quick pat-down search before

allowing him to sit unrestrained in the rear seat. Darnell

then drove plaintiff home. Plaintiff seeks damages under the

same claims of law as above, now against officer Darnell and

the town of Standish.

The magistrate recommended summary judgment,

reasoning both that probable cause existed for an arrest, and

that plaintiff failed to provide defendants with the required

notice for his state law claims. 14 Me.R.S.A. 8107.

Plaintiff does not contest the notice issue and his state law

appeals therefore fail.

We will assume that insisting on driving plaintiff

to his home as an alternative to the police station was an

arrest, see Michigan v. Chesternut, 486 U.S. 567, 573 (1988),

and that Darnell is not protected under the principle of

community caretaking. But cf. Cady v. Dombrowski, 413 U.S.

433 (1973); South Dakota v. Opperman, 428 U.S. 364, 368-371

(1976); United States v. Rodriguez-Morales, 929 F.2d 780 (1st

Cir. 1991), cert. denied, 112 S.Ct. 868 (1992). 17-A Me.

R.S.A. 505 provides as follows.

505. Obstructing public ways

1. A person is guilty of
obstructing public ways if he

-6-

unreasonably obstructs the free passage
of foot or vehicular traffic on any
public way, and refuses to cease or
remove the obstruction upon a lawful
order to do so given him by a law
enforcement officer.

This was a broadening of its predecessor, 17 Me.R.S. A.

3961.

3961. Placing obstructions on traveled
road

Whoever places rocks, stones, snow,
ice or other obstructions in such a
manner as to obstruct traffic on a
traveled road and leaves them there shall
be punished by a fine of not more than
$10 for each offense, to be recovered on
complaint, to the use of the town where
the offense is committed.

While the point is novel, a pedestrian wandering about,

intoxicated, on a public way is an obstruction that may be

ordered to "cease."

We must observe that we think this claim a fuss

about nothing. Was plaintiff to be left on the highway?

Affirmed.

-7-