Desrocher v. Manchester Body & Fender CV-94-604-SD  03/09/95
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Anthony Desrocher;
Vicki Desrocher

    v.                                                    Civil No. 94-604-SD

Manchester Body & Fender, Inc.;
Thomas Redburn; Anthony Cilwa;
Travelers Insurance Company


O R D E R


In this civil action, plaintiffs Anthony and Vicki Desrocher allege claims of (1) negligence; (2) breach of fiduciary duty; and (3) fraud against defendants Manchester Body & Fender, Inc. (MBF) and Thomas Redburn based on various representations and occurrences regarding certain health insurance provided to Anthony Desrocher during his employment with MBF.  MBF successfully moved in state court to join its insurance agent, Anthony Cilwa, and Travelers Insurance Company, the insurance carrier, as party defendants.[1]

Presently before the court is the motion to dismiss of pro

_____

[1]This action was initiated in Hillsborough County (New Hampshire) Superior Court on June 2, 1994.  However, defendant Travelers subsequently removed the proceedings to federal court due to ERISA preemption of the state-law claims.  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

se defendant Anthony Cilwa, to which MBF and Redburn object.

## Discussion

Cilwa moves this court to dismiss the action against him due to the presence of the following four factors: (1) plaintiff's counsel, the law office of Schrepfer & Paradis, also serves as business and personal counsel for defendant Cilwa, and thus a conflict of interest exists; (2) the writ of summons and associated pleadings fail to state a claim against Cilwa as he denies agency status regarding MBF and Redburn; (3) incomplete or insufficient service of process regarding the motion to join; and (4) expiration of the statute of limitations period. Cilwa's motion, consisting of a solitary page, is not supported by a memorandum or any citation to legal authority, nor is it augmented by any factual detail.

Local Rule 11(c) provides, in its entirety:

> A moving party shall serve and file with every motion grounded in law in a civil or criminal proceeding a memorandum with citations of supporting authorities or a statement that no brief is necessary and the reasons therefor. If the motion grounded on fact requires consideration of facts not appearing of record, the party shall also file and serve affidavits or other documents supporting the position.
> Each objecting party shall file and serve, within ten (10) days from date of filing of motion, a memorandum with citations of authorities in opposition to the relief

2

> requested or a statement that no brief is
> necessary and the reasons therefor. If the
> motion grounded on fact requires
> consideration of facts not appearing of
> record, the objecting party shall also file
> and serve affidavits or other documents.

Rule 11(c), Rules of the United States District Court for the District of New Hampshire.

Although the wording of this rule is clear, the court acknowledges the Supreme Court's caution that pro se papers are held to "less stringent standards" than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction of pro se papers, however, is in the usual course applied to pro se plaintiff pleadings, not to pro se defendant motions. E.g., Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) ("*pro se* pleadings are to be liberally construed, in favor of the *pro se* party"). Moreover, a lax standard does not equate with no standard at all. Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 401 (1st Cir. 1988) (pro se litigant must meet specificity requirement of Rule 56, Fed. R. Civ. P.); Mas Marques v. Digital Equip. Corp., 637 F.2d 24, 27 (1st Cir. 1980) (same). Thus, notwithstanding its lack of cited legal authority, defendant Cilwa's motion further evidences a strikingly inadequate factual basis upon which the court can begin to fashion a remedy.

3

Despite the infirmities of Cilwa's motion, the court notes that it fares no better after consideration of the objection filed on behalf of defendants MBF and Redburn.  Unlike Cilwa, MBF and Redburn are represented by counsel, and thus are not entitled to a great degree of leniency by the court.  Local Rule 11(c) specifically provides that each objection shall include "a memorandum with <u>citations of authorities</u> in opposition to the relief requested <u>or</u> a statement that no brief is necessary <u>and the reasons therefor</u>."  Local Rule 11(c) (emphasis added).  Furthermore, should the objection require the consideration of facts, such evidence shall be in the form of "affidavits or other such documents."  <u>Id.</u>  Defendants' objection provides no such detail or indication of relevant authority.

Even under the fairest of all possible readings, the court finds and rules that both the motion and the objection presently before it fail to comply with Local Rule 11(c).  In consequence thereof, the court hereby grants defendant Cilwa until 4:00 p.m. on Friday, April 14, 1995, to resubmit the motion to dismiss.  When/if said motion is refiled, any relevant legal authority and pertinent evidence should be so identified and noted in the appropriate form.  Defendants MBF and Redburn shall have the customary 10 days thereafter to respond, and should note well that the court's instruction regarding proper motion content

4

applies with equal force to any objections thereto.

## Conclusion

For the reasons set forth herein, the court defers ruling on defendant Cilwa's motion to dismiss (document 4). Defendant Cilwa is granted until 4:00 p.m. on Friday, April 14, 1995, to resubmit said motion in accordance with the court's instructions. Any objection thereto by defendants MBF and Redburn will accordingly be due 10 days thereafter.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 9, 1995

cc:  Gary L. Paradis, Esq.
     Jon Meyer, Esq.
     Anthony Cilwa, pro se
     Edward P. O'Leary, Esq.