86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
A.G. EDWARDS, Jr., Plaintiff, Appellant,
v.
NEW ENGLAND TELEPHONE and Telegraph Company and Nynex
Corporation, Defendants, Appellees.
 No. 95-2134.
 United States Court of Appeals, First Circuit.
 May 21, 1996.
 
 Appeal from the United States District Court for the District of Massachusetts
 A.G. Edwards, Jr. on brief pro se.
 Julie J. Bernard on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before CYR, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff A.G. Edwards, Jr. appeals from the district court's grant of summary judgment in favor of defendants New England Telephone and Telegraph Co. and NYNEX Corp. We affirm the judgment of the district court for the reasons stated in the court's Memorandum and Decision. We add only the following comments:
 
 
 2
 1. It is plain that the district court liberally construed plaintiff's pleadings as required by cases such as Haines v. Kerner, 404 U.S. 519 (1972). Indeed, for purposes of its analysis on the merits, it gave plaintiff the benefit of the doubt and accepted as true his assertion that defendants owned the telephones in question. The court nonetheless determined that, aside from speculation and conjecture, plaintiff had provided no facts tending to show that the telephones were defectively designed or that the sounds the telephones emitted caused his hearing loss. Despite his pro se status, plaintiff still was obligated to comply with what the substantive law required. See Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir.1994) ("[t]he Constitution does not require judges ... to take up the slack when a party elects to represent himself").
 
 
 3
 2. We also see nothing amiss with the process the district court employed in deciding defendants' motion for summary judgment. While the record must be construed in the non-movant's favor, that party still must submit specific facts sufficient to show a real dispute. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.1990). "[C]onclusory responses unsupported by evidence ... will [not] serve to defeat a properly focused Rule 56 motion." Id. (citation omitted) (non-movant may not simply rest upon his or her pleadings). As the district court found, plaintiff only offered his conclusions without specifying any corroborative facts. Based on this state of affairs, a hearing was not mandated. Cf. Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 400-01 (1st Cir.1988) (where the facts are undisputed, a hearing is not necessary). As for plaintiff's request for more time to substantiate his claims, he does not indicate exactly what facts additional discovery would reveal. Thus, the district court did not abuse its discretion when it implicitly denied this entreaty. See Bank One Texas, N.A. v. A.J. Warehouse, Inc., 968 F.2d 94, 100 (1st Cir.1992) (a district court may grant summary judgment despite an opposing party's assertion that discovery would lead to more facts where the opposing party does not specify the facts that discovery would reveal).
 
 
 4
 3. The district court refused to enter a default judgment against defendants or summarily deny their motion for summary judgment for failing to confer with plaintiff prior to filing their motion for summary judgment. See L.R., D.Mass. 7.1(A)(2). The parties had attended a non-productive settlement conference about a year and a half after plaintiff began the action. The defendants filed the motion for summary judgment just six weeks after the settlement conference. Because plaintiff was not likely to change a position he had held for over a year in the six-week period after the abortive conference, the district court did not abuse its discretion in not imposing such severe sanctions against defendants. See Gerakaris v. Champagne, 913 F.Supp. 646, 651 (D.Mass.1996) (neglecting to confer prior to filing a motion to dismiss, which was certain to be opposed, does not warrant the summary denial of the motion).
 
 
 5
 Affirmed.