Reid v. Simmons, et al.          CV-89-152-M    03/06/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Gordon C. Reid

          v.                                    Civil No. 89-152-M

Officers Gary Simmons, Ronald Paul,
James Ahern, and Richard Gilman


**O R D E R**


     Plaintiff has filed three motions in conjunction with his

motion for summary judgment and his objection to defendants'

motion for summary judgment.  For the reasons that follow, the

motions are denied.


**I.    Motion to Strike Interrogatory Answers**

     Reid moves to strike particular phrases and some answers in

the defendants' responses to his first set of interrogatories.

Reid contends that the challenged statements are unresponsive to

his questions and are prejudicial to him.  Reid raised the same

issues in motions filed during discovery that were resolved in

this court's order dated August 1, 1997.  Reid's motion to strike

interrogatory answers is denied.


**II. Motion to Strike Parts of Affidavits**

     Reid moves to strike parts of each of Officer Simmons's two

affidavits on grounds that the challenged statements are self-

serving, conclusory, irrelevant, or not based on Simmons's

personal knowledge.  Neither Reid nor the defendants included a

copy of either challenged affidavit with the motion and objection to the motion to strike. The court's review of the pleadings indicates that defendants submitted only the second of Simmons's two affidavits (dated April 4, 1996) in support of their pending motion for summary judgment and have not cited or relied on the first affidavit. Accordingly, the first Simmons affidavit (dated July 20, 1992) will not be considered for purposes of the current motion for summary judgment.

Affidavits submitted in support of summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Reid challenges the following statements in Simmons's (April 4, 1996) affidavit as "vague" and not based on Simmons's personal knowledge:

4. I do not recall at any time having actual access to those [DCYS] files and they were never copied for the Manchester Police Department.

6. Exhibit "A" is not a request to the Manchester Police Department for DCYS files but rather, it is the typical format that was utilized by the DCYS to request a copy of the Manchester Police Department file.

7. It would not have been unusual at all for the DCYS to request a copy of a police report concerning a sexual assault of a minor.

8. The only actual knowledge I have of the DCYS file comes from reading the United States Court of Appeals for the First Circuit Opinion in the case of Gordon Reid v. State of New Hampshire, et al., and by being informed by my attorneys of the nature of the DCYS file as it was attached to Mr. Reid's Objection to the Defendants' Motion for Summary Judgment.

2

Simmons explained in his affidavit, before the challenged statements, that he is now a lieutenant in the Manchester Police Department and was a sergeant when the events involving Gordon Reid occurred; that "in the course of [his present] duties," he has "access and control of the Manchester Police Department records"; that he directed "that a diligent search be made" of the files; and that he can "attest that the Police Department files on Mr. Reid and the Police Department files in general do not contain a copy of any DCYS files on Misty P." Taken in the proper context, Simmons's affidavit demonstrates that the basis of his knowledge about police department files and documents, such as "Exhibit A," is his personal understanding of the process, based on his position as a police officer, his access to and control of the department's files, and the results of the search of the files that he ordered. Thus, in context, Simmons's challenged statements are based upon his personal knowledge, are not vague, and meet the requirements of Rule 56(e). Reid's motion to strike is denied.

### III. Motion for Hearing

Reid asks that he be granted a hearing to present oral argument and testimony to show that the New Hampshire Superior Court did not find that Officer Simmons disclosed exculpatory information to Reid when he testified at Reid's probable cause hearing. See State v. Reid, S-86-1819, 1820, 1821 (N.H. Superior

3

Court, October 13, 1988). The superior court made the following finding relevant to the issue Reid raises:

> At the time the defendant's motion for discovery and for exculpatory evidence were granted by this Court on July 8, 1987, the State had or should have had access to the Manchester police reports. The offers of proof made by the State at the hearing on September 30, 1988, indicated that Officer Simmons, who filed the earlier police reports, testified and made reference to these prior incidents at the defendant's probable cause hearing. From that time, the State was on notice that earlier reports existed. The State, not the defendant, had the obligation to provide the defendant with that evidence contained in those police reports.

The order speaks for itself, and its meaning is clear. As an evidentiary hearing is not necessary to and would not be helpful in construing the superior court's order, none will be held. See Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 401 (1st Cir. 1988).

## Conclusion

For the foregoing reasons, plaintiff's motion to strike interrogatory answers (document no. 253), motion to strike parts of Officer Simmons's affidavit (document no. 252), and motion for a hearing (document no. 254) are denied.

**SO ORDERED.**

 

_____
Steven J. McAuliffe
United States District Judge

March 6, 1998

cc: Robert G. Whaland, Esq.
    Gordon C. Reid
    Ann F. Larney, Esq.