**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 05-1697

RUSMIR BEGOVIC,

Plaintiff, Appellant,

v.

WATER PIK TECHNOLOGIES, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Rusmir Begovic on brief pro se.
Lee Stephen MacPhee and Morrison Mahoney LLP on brief for appellee.

---

April 17, 2006

---

**Per Curiam**.  Plaintiff Rusmir Begovic has worked as a machinist at defendant Water Pik Technologies, Inc. since 1993. A native of Bosnia, he brings this action alleging that he was subjected to discrimination and retaliation in violation of Title VII.  See 42 U.S.C. §§ 2000e-2, 2000e-3.  In particular, he contends that four work-related events--the rejection of his two applications for job promotions; the discontinuance of his tuition reimbursement benefit; and his failure to obtain a higher hourly wage--amounted to disparate treatment based on his national origin. He also claims that several of these events constituted acts of retaliation for his earlier complaints about discrimination.  From an award of summary judgment for defendant, plaintiff now appeals. We affirm substantially for the reasons set forth in the district court's opinion, adding only the following comments.

First.  Based on the record before it at the time of its decision, the district court's ruling was clearly correct. Defendant had submitted evidence providing reasonable explanations as to why plaintiff received neither job promotion, why his tuition reimbursement was discontinued, and how his pay rate had increased over time.  Even on the arguendo assumption that plaintiff had established a prima facie case in each instance, such evidence put the burden back on him to show that defendant's cited reasons were a pretext for discrimination or retaliation.  See, e.g., Rathbun v. Autozone, Inc., 361 F.3d 62, 71-72 (1st Cir. 2004) (discussing

-2-

burden shifting in failure-to-promote context); <u>Calero-Cerezo</u> v. <u>U.S. Dep't of Justice</u>, 355 F.3d 6, 25-26 (1st Cir. 2004) (same in retaliation context). Because plaintiff proffered virtually no evidence in this regard, the award of summary judgment was appropriate. "Even in employment discrimination cases where elusive concepts such as motive or intent are at issue, summary judgment is appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." <u>Benoit</u> v. <u>Technical Mfg. Corp.</u>, 331 F.3d 166, 173 (1st Cir. 2003) (internal quotation marks omitted). Plaintiff's assertion that he submitted direct evidence of discrimination and retaliation, and thereby rendered the burden-shifting framework inapplicable, is belied by the record. Also insufficient to stave off summary judgment is his contention that the credibility of defendant's affiants is a matter for the jury. <u>See</u> <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 256-57 (1986).

<u>Second</u>. At several points in his appellate papers, plaintiff complains that he was denied an adequate opportunity to conduct discovery. This argument is never developed and can be rejected for that reason alone. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). But it fails for other reasons as well. To be sure, "trial courts should refrain from

entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." Velez v. Awning Windows, Inc., 375 F.3d 35, 39 (1st Cir. 2004). Yet this rule "is not self-executing"; a party needing additional discovery must "make the court aware of its plight." Id. This is typically accomplished by the filing of a Rule 56(f) motion or its functional equivalent. See id. at 40.

> [S]uch a motion must (1) be presented in a timely manner, (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will "influence the outcome of the pending motion for summary judgment."

Adorno v. Crowley Towing & Transp. Co., ___ F.3d ___, ___, 2006 WL 852363, at *4 (1st Cir. 2006) (quoting Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).

Plaintiff never invoked this safeguard below. He did voice some general complaints that defendant was attempting to avoid discovery, but "[t]hose cryptic allusions failed to set any basis for believing that some discoverable material facts did exist." Paterson-Leitch Co. v. Mass. Munic. Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir. 1988). He did also remark at one point that further information was needed about a specific matter (the requirements for the second job opening and the winning candidate's qualifications therefor). Yet plaintiff did not explain what additional discovery was contemplated. More important, he never

cited Rule 56(f), never filed a motion or its functional equivalent satisfying the above-mentioned requirements, and never directly requested that a summary judgment ruling be deferred pending further discovery.  Instead, he filed an opposition to defendant's summary judgment motion and, a few days later, filed his own motion for partial summary judgment.  This hardly sufficed to inform the court of his alleged plight.  Cf. Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996) (upholding denial of Rule 56(f) motion because, inter alia, "[a]ppellants filed their original opposition to summary judgment without previously informing the court of their inability to properly oppose summary judgment due to incomplete discovery"); Hebert v. Wicklund, 744 F.2d 218, 222 n.4 (1st Cir. 1984) (noting that Rule 56(f) continuances are frequently granted "where the moving party has sole possession of the relevant facts," but that "this maxim represents a factor that the court should consider only after the non-moving party has complied with the requirements of the rule").

Third.  Even assuming arguendo that plaintiff adequately invoked Rule 56(f) and that the court erred in not allowing further discovery, the result would not change.  As mentioned, the only new facts cited by plaintiff in this regard concerned the requirements for the second job opening and the qualifications of the successful candidate.  Yet plaintiff did eventually obtain documents describing these matters, which he attached to a motion to amend

the judgment. Even if these materials were considered, his legal claims would fare no better. For example, their respective job applications provide no evidence that plaintiff was more qualified than the winning candidate. Indeed, the new documents, together with another attached to the motion to amend, actually undermine plaintiff's case in one respect. Defendant has averred that he was rejected for the second job opening mainly because of an inability to communicate well with others, noting that he had been disciplined earlier for "inappropriate behavior" toward a co-employee. The job listing confirms that an "[a]bility to communicate clearly" and "provide direction" was a requirement. And plaintiff's 2002 performance review, prepared two months prior to his rejection here, gives him a low mark for "teamwork/communication," stating that he "needs to work on his communications with others" and on "working more cooperatively" with co-employees. Plaintiff has thus provided no reason to think that further discovery would have bolstered his attempt to establish that defendant's cited reasons were a pretext for discrimination or retaliation.

Fourth. We have no occasion here to address whether pro se litigants are entitled to notice regarding their evidentiary burden at the summary judgment stage. See generally Ruiz Rivera v. Riley, 209 F.3d 24, 26-27 & n.2 (1st Cir. 2000); Posadas de Puerto Rico, Inc., v. Radin, 856 F.2d 399, 401 (1st Cir. 1988). Plaintiff

-6-

has voiced no complaint in this regard on appeal. And his submissions below, which contained a citation to the very page in a Supreme Court opinion where the Rule 56(e) methodology is discussed, see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986), suggest that he was not unfamiliar therewith.

Fifth. To the extent plaintiff is alleging that defendant retaliated against him by giving him a less favorable 2003 performance review than he deserved, we note that his 2002 review was no better. Regarding the alleged denial of a merit pay increase in 2004, plaintiff has provided no evidence that he was paid less than similarly situated employees outside the protected class, as the district court observed. And plaintiff has not denied that he received a substantial pay hike in May 2004.

Affirmed.