USCA1 Opinion

 

 January 28, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1999 GEORGE LEWRY, Plaintiff, Appellant, v. TOWN OF STANDISH, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ Francis M. Jackson for appellant. __________________ Daniel Rapaport with whom Edward R. Benjamin, Jr. and Preti, ________________ _________________________ ______ Flaherty, Beliveau & Pachios were on brief for appellees. ____________________________ ____________________ ____________________ ALDRICH, Senior Circuit Judge. George Lewry ______________________ brought suit against the town of Gorham, Maine, and two of its police officers, Ted Blais, and Sgt. Wayne Coffin, and against the town of Standish and its police officer, William McAuliffe, alleging false arrest in violation of the United States and Maine Constitutions, 42 U.S.C. 1983 et seq., 15 __ ___ Me.R.S.A. 704, and Maine common law. An amended complaint added officer Timothy Darnell of Standish, alleging a second false arrest. The district court referred the suit to a magistrate. 28 U.S.C. 636(b)(1). After discovery closed, defendants moved for summary judgment, and plaintiff filed a Rule 56(f) motion along with his opposition. The motion sought to introduce evidence contradicting defendants'. Without taking up the motion, the magistrate issued a report and recommended approval of summary judgment on defendants' evidence. Upon a general objection, the district court conducted a de novo review, again without reference to __ ____ plaintiff's motion, and accepted the magistrate's recommendation. Plaintiff appeals, arguing that material issues of fact exist, and, for the first time, pointing out that the magistrate and district court improperly failed to regard the motion. As these are questions of law, our review is de novo. Liberty Mut. Ins. Co. v. Commercial Union Ins. __ ____ ______________________ _____________________ Co., 978 F.2d 750, 757 (1st Cir. 1992). We affirm. ___ -2- The November, 1989 Incident ___________________________ At the time of the alleged false arrests plaintiff was on probation for multiple driving violations including driving while intoxicated. On November 7th, 1989, he telephoned his probation officer, Elizabeth Manchester, and informed her that he was too ill to meet with her that day for their bi-weekly meeting. Several hours later plaintiff appeared at Tavern on the Hill, with one Frank Bickford, his employer. While there, Bickford, and his son-in-law, who owned the tavern, engaged in an altercation, and, when defendant officer McAuliffe of Standish arrived to investigate, he and Bickford also began fighting. Disputed on appeal is whether there is a question of fact regarding plaintiff's alleged intoxication, and whether he joined the fracas or merely attempted to restrain Bickford. Defendants officer Blais and Sgt. Coffin, of Gorham, arrived after the fray, and recognized plaintiff as a probationer. Defendants assert that Sgt. Coffin had an officer call parole officer Manchester and describe the incident and plaintiff's intoxication. Manchester, according to her affidavit of record, responded by requesting plaintiff's arrest for parole violations. In plaintiff's would-be version, including Manchester's asserted testimony before a sentencing court, Manchester was called only after -3- the officers had arrested plaintiff, outside, where he was behaving himself. Defendants could not normally lawfully arrest plaintiff without a warrant, absent probable cause, and intoxication alone would not be such. Cf. repealing of __ Me.R.S.A. 1954, c. 61, 94 by 1973, c. 582, 3. However, arrest would be proper "when requested by an official of the division of Probation and Parole." 17-A Me.R.S.A. 15.1A(9). If the magistrate had before him a copy of Manchester's court testimony we read it as arguably contradicting her affidavit as to the order of events, and summary judgment should be denied. Plaintiff, however, has a difficulty. Objection to a magistrate's report preserves only those objections that are specified. See Keating v. ___ _______ Secretary of Health and Human Services, 848 F.2d 271, 275 ________________________________________ (1st Cir. 1988), a case, incidentally, coming up from Maine. The reason for this is the universal principle that both efficiency and fairness dictate that the judicial officer be given notice and opportunity to correct his or her mistake before the taking of an appeal. If plaintiff's motion should have been allowed, the magistrate's failure to pass on it was a correctable error within this principle just as would have been an express denial. His recommendation, that was necessarily inconsistent with the motion, was an implied denial thereof. -4- Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, _________ ________________________________ 666 (5th Cir.), cert. denied, 454 U.S. 1098 (1981), cited _____________ with approval, Posadas de Puerto Rico, Inc. v. Radin, 856 ______________________________ _____ F.2d 399, 401 (1st Cir. 1988). Because plaintiff did not seasonally complain, we cannot consider the motion, and the record must stand without its content. For summary judgment purposes, any fact not properly controverted is admitted. D. Me. Loc. R. 19(b)(2). The magistrate was thus correct in rejecting plaintiff's statement in "opposition to defendants' statement of uncontroverted facts" for not citing sources, Rule 19(b)(2), and in finding that plaintiff's conclusory statement of material facts failed to create an issue of material fact. Posadas de Puerto Rico, ante. ______________________ ____ The April, 1990 Incident ________________________ Plaintiff was walking alone, weaving drunkenly between the roadway and the shoulder of a well-traveled Standish road around 11:30 p.m., on or about April 21, 1990. He was wearing dark clothing, which made him more difficult to see. When he was in the roadway, passing cars were forced to move to avoid him. Defendant officer Darnell of Standish observed plaintiff, approached and spoke with him. Deciding that plaintiff was intoxicated and a safety hazard to himself and others, Darnell said he would give him a ride to his home -5- about five miles away. When plaintiff declined, Darnell gave him a choice of a ride home or an arrest for obstructing a public way. 17-A Me.R.S.A. 505. Plaintiff accepted the ride, and Darnell gave him a quick pat-down search before allowing him to sit unrestrained in the rear seat. Darnell then drove plaintiff home. Plaintiff seeks damages under the same claims of law as above, now against officer Darnell and the town of Standish. The magistrate recommended summary judgment, reasoning both that probable cause existed for an arrest, and that plaintiff failed to provide defendants with the required notice for his state law claims. 14 Me.R.S.A. 8107. Plaintiff does not contest the notice issue and his state law appeals therefore fail. We will assume that insisting on driving plaintiff to his home as an alternative to the police station was an arrest, see Michigan v. Chesternut, 486 U.S. 567, 573 (1988), ___ ________ __________ and that Darnell is not protected under the principle of community caretaking. But cf. Cady v. Dombrowski, 413 U.S. ___ __ ____ __________ 433 (1973); South Dakota v. Opperman, 428 U.S. 364, 368-371 _____________ ________ (1976); United States v. Rodriguez-Morales, 929 F.2d 780 (1st _____________ _________________ Cir. 1991), cert. denied, 112 S.Ct. 868 (1992). 17-A Me. _____________ R.S.A. 505 provides as follows. 505. Obstructing public ways 505. Obstructing public ways 1. A person is guilty of obstructing public ways if he -6- unreasonably obstructs the free passage of foot or vehicular traffic on any public way, and refuses to cease or remove the obstruction upon a lawful order to do so given him by a law enforcement officer. This was a broadening of its predecessor, 17 Me.R.S. A. 3961. 3961. Placing obstructions on traveled 3961. Placing obstructions on traveled road road Whoever places rocks, stones, snow, ice or other obstructions in such a manner as to obstruct traffic on a traveled road and leaves them there shall be punished by a fine of not more than $10 for each offense, to be recovered on complaint, to the use of the town where the offense is committed. While the point is novel, a pedestrian wandering about, intoxicated, on a public way is an obstruction that may be ordered to "cease." We must observe that we think this claim a fuss about nothing. Was plaintiff to be left on the highway? Affirmed. ________ -7-