UNITED STATES of America,
Plaintiff,

v.

Miguel FERNANDEZ–TORRES
[7], Defendant.

Case No. 07–249(DRD).

United States District Court,
D. Puerto Rico.

Dec. 17, 2008.

---

Vernon Benet Miles, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Alice M. Velázquez, Esq., Office of the Bronx District Attorney, Bronx, NY, for Defendant.

**OPINION AND ORDER**

DANIEL R. DOMINGUEZ, District Judge.

On October 27, 2008 this Court entered an Opinion and Order (Docket No. 412), adopting in part Magistrate Judge Camille Velez–Rive's Report and Recommendation (Docket No. 370) as to several Codefendants. Notwithstanding, as to co-defendant Miguel Fernandez–Torres, the Court scheduled an evidentiary hearing, wherein the Government and counsel for co-defendant Fernandez–Torres were to argue their respective points as to the statute of limitations issue. On November 12, 2008, prior to the evidentiary hearing, the government filed a *Supplemental Reply to Defendant's Motion to Dismiss Due to Duplicity and Statute of Limitations Violations* (Docket No. 422). In light of the governments supplemental reply, on November 13, 2008 this Court referred the issue for reconsideration to Magistrate Judge Velez–Rive.

Consequently, on November 14, 2008 Magistrate Judge Velez–Rive filed a Report and Recommendation (Docket No. 424), recommending that co-defendant Miguel Fernandez–Torres' request for dismissal on grounds of statute of limitations be **GRANTED.**

For the reasons stated below, the Court adopts in toto the Magistrate Judge's *Report and Recommendation* (Docket No. 424).

## II. Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED. R.CIV.P. 72(b); Rule 72(a), Local Rules, District of Puerto Rico. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate's report

and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Rule 72(d); FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

(*Emphasis ours*).

■ Should no objections be filed challenging the Magistrate Judge's Report and Recommendation, the Court, in order to accept an unopposed R & R, needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. See *Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir., 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir., 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R., 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa., 1990)("when no objections are filed, the district court need only review the record for plain error").

■ "Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985) (emphasis ours). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir., 1992). See also *Sands v. Ridefilm Corp.*, 212 F.3d 657, 663 (1st Cir.2000); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994)(holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir., 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See also *United States v. Valencia*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).

## III. ANALYSIS

After reconsidering co-defendant Miguel Fernandez–Torres' request for dismissal, and reviewing for "plain error" the unobjected to *Report and Recommendation* (Docket No. 424) as to Miguel Fernandez–Torres, the Court agrees *in toto*, with the un-objected findings and recommendations made by Magistrate Camille Velez–Rive and therefore **ACCEPTS, ADOPTS and**

**INCORPORATES** by reference, said recommendations to the instant *Opinion and Order.* The Court briefly explains.

Pursuant to the government's a *Supplemental Reply* (Docket No. 422), the assigned prosecutor has responsibly acknowledged that it has become clear through a cooperating witness' interview that codefendant Miguel Fernandez–Torres had in fact informed co-defendant Angel L. Fernandez–Torres and other unidentified persons that he was not to participate in any further robberies after August 1, 2000. Consequently, the Court agrees with the Magistrate Judge's finding that the defense raised by Miguel Fernandez–Torres as to statute of limitations falls in proper perspective.

▬ The Court further agrees with the Magistrate Judge's legal analysis that "[w]ithdrawal from a conspiracy requires some affirmative action tending to defeat or disavow the purpose of the scheme, and the abandonment must be complete and in good faith. This becomes a complete defense only when coupled with the defense of statute of limitations." Docket No. 424, pg. 7(emphasis ours). "Typically, that requires 'either … a full confession to authorities **or a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals.**" *U.S. v. Piper,* 298 F.3d 47, 53 (1st Cir. 2002) (emphasis ours)(quoting *United States v. Juodakis,* 834 F.2d 1099, 1102 (1st Cir.1987)); see also Docket No. 424, pg. 7, FN 3. The Court concurs with the Magistrate Judge that there exists clear evidence in the record of affirmative actions by co-defendant Miguel Fernandez–Torres to disavow further participation in the conspiracy. See *United Stated v. Muñoz,* 36 F.3d 1229, 1234 (1st Cir.1994).

Considering the aforementioned, the Court agrees with the Magistrate Judge's conclusion that, since "it is now undisputed [that] the government has evidence, which [is] now being presented by way of proffer in response to the Court's inquiry prior to the scheduling of an evidentiary hearing," that co-defendant Miguel Fernandez–Torres had withdrawn from the conspiracy by the year 2000, his request for dismissal because of statute of limitations should be GRANTED. Docket No. 424, pg. 8 (emphasis ours).

Furthermore, the Court agrees with the Magistrate Judge's conclusion that since the dismissal of all charges against codefendant Miguel Fernandez–Torres is being granted, any pending motions or issues pertaining to said Co-defendant shall be determined **MOOT.**

## IV.  CONCLUSION

In conclusion, finding no "plain error" as to any of the unobjected recommendations made by the Magistrate Judge, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference, said recommendations to the instant *Opinion and Order.*

Therefore, co-defendant Miguel Fernandez–Torres' request for dismissal on statute of limitations grounds, Docket No. 331 is hereby GRANTED. Judgment dismissing all charges against Miguel Fernandez–Torres shall be entered accordingly.

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

Co-defendant Miguel Fernandez–Torres [7] filed a Motion to Dismiss Due to Duplicity and Statute of Limitation Violations (Docket No. 331) which was object of this Magistrate Judge's Report and Recommendation dated September 29, 2008 (Docket No. 370). At that time, the aver-

ments raised by defendant and the government, as well as the in-chambers inspection of Grand Jury minutes, were deemed insufficient to warrant a recommendation of dismissal under the statute of limitations defense since no reliable evidence was made available to show defendant had withdrawn from the conspiracy charged in a timely fashion. (Docket No. 333).

The presiding Honorable Judge Daniel R. Domínguez, while adopting in part the Report and Recommendation as to other co-defendants, scheduled an evidentiary hearing for the government to ascertain counsel for defendant's averment that former prosecutor, Ms. Julie Mosley, had indicated having knowledge that co-defendant Fernandez–Torres [7] timely withdrew from the conspiracy and such withdrawal was made known to other co-defendants as far back as August of 2000.

On November 12, 2008, the government filed a response to the dismissal request prior to the hearing scheduled by the Court. In light of the government's proffer, and upon the new Assistant United States Attorney Vernon Miles' responsible investigation and offering of reliable information, the presiding Judge referred for reconsideration by this Magistrate Judge the pending dismissal raised by co-defendant Fernandez–Torres [7]. We now shall briefly discuss the matter referred and incorporate the case background and relevant legal provisions to the new factual scenario before the Court.

## FACTUAL BACKGROUND

On June 19, 2007, the government initially obtained an indictment against five original defendants, which did not include co-defendant Miguel Fernandez–Torres [7]. It therein charged other co-defendants with aiding and abetting each other in a Loomis Fargo & Co. of Puerto Rico armored car robbery on June 14, 2007, in violation to Title 18, *United States Code,* Sections 1951(a) and 2. *Docket No. 13, Count One.* Count Two of this original indictment charged same co-defendants with aiding and abetting each other in brandishing a deadly weapon during the commission of the offense charged above in violation of Title 18, United States Code, Section 924(c)(3). *Docket No. 13, Count Two.*

On June 27, 2007, a Superseding Indictment was filed against the five original defendants and against a sixth co-defendant, Jorge L. Fernandez–Torres [6], but not as to co-defendant Miguel Fernandez–Torres [7], for the same robbery which took place on June 14, 2007. This Superseding Indictment presented the same offenses previously charged in Counts One and Two of the original Indictment. *Docket No. 30, Superseding Indictment, Counts One and Two.*

Finally, on August 22, 2007, through a Second Superseding Indictment, the government charged a total of nine defendants, which included the previous six defendants. The Second Superseding Indictment added for the first time co-defendant Miguel Fernandez–Torres [7]. *Docket No. 94, Second Superseding Indictment.*[1]

The charges filed in the Second Superseding Indictment included in Count

---

1. The nine defendants charged in the Second Superseding Indictment, some of which are not mentioned in this report and recommendation for not having filed any motions to dismiss were: Angel Luis Fernandez–Torres [1], Manuel Fernandez–Torres [2], Angel F. Fernandez Ramos [3], Saul Moreno Navarro [4], Luis Fernandez–Torres [5], Jorge L. Fernandez– Torres [6], Miguel Fernandez–Torres [7], Jamir Santiago Fernández [8] and Carlos J. Díaz Fernández [9].

One, to wit; a conspiracy as to an offense under Section 1951(a) by these nine co-defendants related to the robbery of Loomis Fargo & Co. of Puerto Rico armored car robbery of June 14, 2007. The overt acts as to said Count One made reference to other robberies against commerce or businesses as of February 26, 1998, wherein co-defendant Miguel Fernandez–Torres [7], together with others, had participated as to the Banco Popular branch in Bayamón, Puerto Rico, in the amount of $40,000.00. (*Over Act 1*). Co-defendant Miguel Fernandez–Torres[7] and others appeared as having participated on February 16, 1999, in the robbery of approximately $215,000.00 from a Ranger vehicle in the Montehiedra area, Puerto Rico. (*Overt Act 2*). These same co-defendants, including Miguel Fernandez–Torres [7] also appeared as having participated on August 16, 1999, in the robbery of Mayaguez Mall branch of Banco Popular of $180,913.00. (*Overt Act 3*). Likewise, these same co-defendants appear, together with others, on August 1, 2000, in relation to the robbery of $409,314.00 from a Loomis Fargo armored vehicle. (*Overt Act 4*). As such, co-defendant Miguel Fernandez–Torres' last participation as to these events appears as August 1, 2000, for which reason he did not participate in other subsequent robberies such as the one of March 10, 2003, of $35,811.00, from the Barceloneta branch of Banco Popular (*Overt Act 5*), nor the May 19, 2003, robbery of $534,996.00 from Ranger (*Overt Act 6*), nor the robbery on May 6, 2005, of $1,191,118.00, from Loomis. (*Overt Act 7*). Neither has defendant Fernandez–Torres [7] participated in June 14, 2007 of the Loomis robbery of $524,550.00. (*Overt Act 8*). *Docket No. 94, Second Superseding Indictment, Count One.*

Similarly, co-defendant Miguel Fernandez–Torres [7] did not participate in the charges at Count Two of the Second Superseding Indictment, which is a substantive offense for aiding and abetting each others, taking on March 10, 2003, $35,811.00, from Banco Popular, Barceloneta Branch (Overt Act 5, Count One). On this same vein, co-defendant Fernandez–Torres [7] does not appear in Count Three of the Second Superseding Indictment which charged a substantive offense for aiding and abetting each other having obtained property of Ranger in the amount of $534,996.00 (Overt Act 6, Count One). Neither is defendant Fernandez–Torres [7] charged in Count Four of the Second Superseding Indictment, a substantive offense for aiding and abetting each others having obtained $1,191,118.00, from Loomis Fargo on May 6, 2005. (Overt Act 7, Count One).

Co-defendant Fernandez–Torres [7] is not shown to have participated in Count Five of the Second Superseding Indictment, a substantive offense for aiding and abetting each others, having robbed Loomis Fargo on June 14, 2007, of $524,550.00. (Overt Act 8, Count One). This defendant is not shown to have participated in Count Six of the Second Superseding Indictment, the conspiracy related to the offense of possession, use or brandish of a firearm during the commission of the offense in Count Five as to co-defendants Moreno Nazario [4] and Fernandez–Torres [6], together with others co-defendants.

Count Seven charged aiding and abetting to brandish a deadly weapon, including handguns and an AK–47 rifle, in furtherance of a crime of violence, as to the events of June 14, 2007. Finally, Count Eight is solely a forfeiture allegation. Co-defendant Fernandez–Torres [7] does not appear either in these two counts *Docket No. 94.*

Under this historical case scenario above described, co-defendant Miguel Fer-

nandez–Torres [7] is included in the conspiracy charged in Count One, which was considered as continuous event within the conspiracy violation from the starting of events on the first robbery of February 26, 1998, through the last one therein charged of June 14, 2007. This co-defendant's direct participation entailed the overt acts charged under said conspiracy, that is, February 26, 1998, February 16, 1999, August 16, 1999, with a last participation in August 1, 2000. He is held accountable, however, as a member of a conspiracy, for all subsequent events by other co-defendants up to June 14, 2007.

## LEGAL DISCUSSION

■ Co-defendant Miguel Fernandez–Torres [7] submits as grounds for dismissal of the Second Superseding Indictment, which was returned by a Grand Jury on August 22, 2007, that he withdrew from the conspiracy as far back as the year 2000, which he made known to the other co-defendants and which fact was known by the government's former prosecutor, Ms. Julie Mosley. (Docket No. 331).[2] Initially, the government's response to defendant's request for dismissal for being time barred under the statute of limitations was admitting solely this defendant is in effect not mentioned in the substantive offenses which occurred between March 10, 2003 and June 14, 2007. (Docket No. 349).

A perusal of the charging documents clearly establishes such contention and shows co-defendant Miguel Fernandez–Torres [7] is indeed not mentioned in any overt act which transpired after August 1, 2000, nor in Counts Two through Seven of the Second Superseding Indictment which deals with robbery events or firearm related offenses which occurred during the years 2003 through 2007, date that may

fall within the limitation period for felony violations. It was further acknowledged the only evidence against defendant Fernandez–Torres [7], which has been identified by the government through discovery, is the testimony from a single source, a co-conspirator's testimony. Said source has indicated defendant Fernandez–Torres' [7] participation in the offense was waiting in a vehicle during the commission of robberies which transpired prior to the year 2000.

Upon the in-chambers examination of the Grand Jury testimonies conducted for our previous Report and Recommendation, it was determined the prosecutor did not propose any type of question to the witnesses regarding co-defendant Miguel Fernandez–Torres' [7] withdrawal from the conspiracy. Thus, as to defendant Fernandez–Torres' [7] submission that he disavowed from the conspiracy and communicated to a co-conspirator at least by the year 2000 that he had abandoned the conspiracy, there was a total lack of evidence to meet defendant Fernandez–Torres' [7] initial burden for the requested dismissal. As such, there was no leeway at the time but to recommend to the Court the request for dismissal on grounds of statute of limitations be denied, with the caveat that defendant having some merits to his proposal, the Court could reconsider the issue if any evidence in support was disclosed or to provide adequate instructions to the jury if grounds were subsequently properly established.

We now have the government's reply of November 12, 2008 (Docket No. 422) wherein the assigned prosecutor is now responsibly acknowledging that, through the government's continuous effort to verify the information, it has now become clear through a cooperating witness' interview

---

**2.** Said prosecutor is no longer at the U.S. Attorney's Office in Puerto Rico and left our jurisdiction. The case was then assigned to AUSA Vernon Miles.

that indeed Miguel Fernandez–Torres [7] had informed co-defendants Angel L. Fernandez–Torres and other unidentified persons that he was not going to participate in any further robberies after August 1, 2000. Thus, the defense raised by co-defendant Fernandez–Torres [7], as to statute of limitation, falls in proper perspective. The Court has referred the issue for reconsideration by this Magistrate Judge and we shall so recommend.

■ Withdrawal from a conspiracy requires some affirmative action tending to defeat or disavow the purpose of the scheme, and the abandonment must be complete and in good faith. This becomes a complete defense only when coupled with the defense of statute of limitations. Thus, to withdraw from a conspiracy, a person must take some affirmative action either by making a clean breast to the authorities or **communicating the abandonment in a manner reasonably calculated to reach co-conspirators** (emphasis supplied).[3] *See* Stephen Lease, J.D., *Criminal Conspiracy Defenses*, 15A C.J.S. Conspiracy § 130. *See also United States v. Potter*, 463 F.3d 9, 20 (1st Cir.2006) (withdrawal from a conspiracy as a defense requires affirmative evidence of an effort to defeat, disavow or confess the conspiracy); *United States v. Pizarro–Berrios*, 448 F.3d 1, 10 (1st Cir.2006) (the defense requires either a full confession to authorities or a communication to co-conspirators that the individual has abandoned the enterprise and its goals); *United States v. Muñoz*, 36 F.3d 1229, 1234 (1st Cir.1994) (withdrawal is a demanding defense requiring affirmative evidence of an effort to defeat or disavow or confess).

In view of the foregoing, it is now undisputed the government has evidence, which has now being presented by way of proffer in response to the Court's inquiry prior to the scheduling of an evidentiary hearing, from which this Magistrate Judge may recommend upon reconsideration to the Court that defendant Miguel Fernandez–Torres' [7] request for dismissal because of statute of limitations, for having withdrawn from the conspiracy by the year 2000, be GRANTED.

We are also taking notice that this co-defendant has a report and recommendation pending after an evidentiary hearing was held before the undersigned on a motion to suppress alleged statements provided to the law enforcement agents at the time of his arrest. Also pending is the memorandum of law to be filed by defense counsel after conclusion of the suppression hearing and the government's opposition. Although the government has argued said statement was rather exculpatory, it has not indicated to counsel nor to the Court that it will not use same for any trial purposes. Still, since the issue of suppression of statements made by co-defendant Miguel Fernandez–Torres [7] would become moot, if the dismissal of this co-defendant's charges herein recommended is adopted by the Court on statute of limitation grounds, we are deferring our ruling on the suppression issue. If the dismissal of charges follows, the suppression issue becomes moot and no further action will ensue.

## CONCLUSION

In light of the above discussion and the new information before this Magistrate

---

**3.** Withdrawal from a criminal enterprise or a conspiracy is not accomplished merely by cessation of activity in furtherance of a conspiracy. It also requires either a full confession to authorities or a communication by the ac-

cused to his co-conspirators that one has abandoned the enterprise and its goals. *United States v. Piper*, 298 F.3d 47 (1st Cir.2002); *United States v. Juodakis*, 834 F.2d 1099, 1102 (1st Cir.1987).

Judge, together with the corresponding case law, it is now recommended that defendant's Miguel Fernandez–Torres' [7] request for dismissal on grounds of statute of limitation be **GRANTED.** (Docket No. 331).

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").